**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GREGORY JEROME GIBSON,

    Plaintiff,

v.                                                                                                                         No. CIV 10-0284 WJ/WPL

CORRECTIONAL MEDICAL SERVICES, INC. P.S.U.,
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,
RON TORRES,
BOARD OF COUNTY COMMISSIONERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff asserts three claims in his complaint. In sum, he alleges that during his incarceration

at the Bernalillo County, New Mexico, Metropolitan Detention Center, Defendants have deliberately denied him adequate medical treatment for his serious psychological condition. Plaintiff contends that Defendants' actions violated both his state and federal constitutional protections. He seeks damages.

No relief is available on Plaintiff's claims against Defendant Bernalillo County Metropolitan Detention Center. A detention center is not an entity that may be sued in this Court. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) ("Mr. Aston named the Salt Lake County jail as a defendant. Dismissal against this entity was also required because a detention facility is not a person or legally created entity capable of being sued."); *and see White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). The Court will dismiss Plaintiff's claims against this Defendant.

As to Defendants Torres and Board of County Commissioners, Plaintiff's federal claims contain no allegations against these Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "[T]o present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiff's federal claims against these Defendants will be dismissed.

Nor do Plaintiff's allegations support state law claims against Defendant Board of County Commissioners. Under New Mexico law, a public entity may be subject to *respondeat superior* liability. *See, e.g., Silva v. State*, 745 P.2d 380, 385 (N.M. 1987). The criteria for imposing such

liability are "direct supervisory responsibility or control over the . . . employee . . . [and] remoteness . . . [, i.e., whether the entity] 'did anything wrong or had any responsibility for the alleged harm.' " *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 916 P.2d 1313, 1318 (N.M. 1996) (quoting *Abalos v. Bernalillo County Dist. Attorney's Office*, 734 P.2d 794, 799 (N.M. Ct. App. 1987)). Plaintiff's complaint contains no allegations against Defendant Board of County Commissioners that fit the criteria for *respondeat superior* entity liability, and his state law claims against this Defendant will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Bernalillo County Metropolitan Detention Center and Board of County Commissioners are DISMISSED; Defendants Bernalillo County Metropolitan Detention Center and Board of County Commissioners are DISMISSED as parties to this action; and the Clerk is directed to issue summons, with a copy of the complaint, for Defendant Correctional Medical Services, Inc.

IT IS FURTHER ORDERED that Plaintiff's federal claims against Defendant Torres are DISMISSED; and the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Torres on Plaintiff's state law claims.

_____
UNITED STATES DISTRICT JUDGE