IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY J. GIBSON,

      Plaintiff,

v.                                                    No. CV 10-284 WJ/WPL

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me *sua sponte*. On March 25, 2010, Gregory J. Gibson filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 based on events that transpired during his incarceration in Bernalillo County Metropolitan Detention Center ("BCMDC"). Specifically, Gibson complained that the Defendants were deliberately indifferent to his serious mental health condition (Doc. 1) and that the Defendants violated internal policies and basic sanitary requirements in food distribution. (Doc. 5.) Due to Gibson's continuing failure to keep his address current with the Court during the litigation of his claims, I recommend that this matter be dismissed without prejudice.

On January 31, 2011, I issued an Order requiring Gibson to show cause why the case should not be dismissed due to Gibson's failure to keep a current address with the Court. (Doc. 24.) My Order was prompted by the return as undeliverable of several documents sent to Gibson by Defendant Ron Torres. (*Id.*; *see also* Doc. 23.) Torres asserted that he attempted to serve three documents on Gibson by mailing them to his address of record, which is BCMDC. (Doc. 3 at 1.)

1

BCMDC received one of these letters on January 24, 2011 and the other two on January 26, 2011. (*Id.* at Exs. 1-3.)  Each of these letters was returned, and a stamp on each envelope indicates that Gibson is not in custody.  (*Id.*)  Official court mail, consisting of my Order to Show Cause, was mailed to Gibson at his address of record, BCMDC, and was returned to the Court as undeliverable on February 14, 2011 with the same stamp indicating that Gibson is no longer in custody.  (Doc. 26.)  To date, Gibson has not notified the Court of his change of address.

The Order to Show Cause advised Gibson of his duty to keep his address current under D.N.M.LR-Civ. 83.6 and warned that a failure to do so could result in the dismissal of his case without prejudice.  (Doc. 24.)  Though Gibson has appeared *pro se*, his *pro se* status does not relieve him of his obligation to comply with this procedural requirement.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1991).  I have allowed Gibson ample time to update his address – more than sixty days from the date on which Torres first provided notice of the undeliverable mail.  Gibson has not done so.

Gibson's failure to comply with the Court's local rules indicates a lack of interest in litigating his claims.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  Where a plaintiff does not comply with court rules and shows a lack of interest in litigating his claims, the court has authority to dismiss the claims for failure to prosecute.  *See id.* at 630-31 ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citation omitted) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *see also Childs v. Ortiz*, 259 F. App'x 139, 141 (10th Cir. 2007)

(unpublished).

For the foregoing reasons, I recommend that Gibson's Complaint (Doc. 1) and the Supplement to his Complaint (Doc. 5) be dismissed without prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

3